UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 19-7970 JAK (PVC) | Date: April 6, 2020 |
| Title Belinda C. Muhammad v. Los Angeles Cnty. Metro. Trans. Auth., et al. | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:** [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO THE DOCTRINE SET FORTH IN *HECK v. HUMPHREY*

Plaintiff, a California resident proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983 alleging that the driver of a bus operated by the Los Angeles County Metropolitan Transportation Authority ("LACMTA") violated her civil rights by falsely reporting to the Los Angeles Police Department ("LAPD") that Plaintiff had threatened her with a knife, which resulted in Plaintiff being taken into custody. ("Complaint," Dkt. No. 1 at 3-4). In the operative First Amended Complaint, the sole Defendant is the unknown bus driver, whom Plaintiff sues as "Jane Doe." ("FAC," Dkt. No. 9 at 1). Plaintiff filed an *ex parte* application concurrently with the FAC seeking an order requiring the Court Clerk to issue two subpoenas for Plaintiff to serve on the LACMTA and LAPD to obtain documents disclosing the identity of the unknown bus driver. ("Appl.," Dkt. No. 10).

On March 12, 2020, the Court ordered Plaintiff to file a supplemental declaration attaching all documents related to her arrest and the criminal charges brought against her, and setting forth the specific language Plaintiff intended to use in the subpoenas to be served on the LACMTA and LAPD. ("Order," Dkt. No. 12). On March 26, 2020, Plaintiff filed the Supplemental Declaration required by the Court's Order. ("Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-7970 JAK (PVC)                                   Date:  April 6, 2020

Title          Belinda C. Muhammad v. Los Angeles Cnty. Metro. Trans. Auth., et al.

Decl.," Dkt. No. 13).  The documents attached disclose that following her arrest, Plaintiff was charged with three misdemeanor counts:  possession of brass knuckles in violation of California Penal Code ("P.C.") § 21810 ("Count I"); resisting arrest in violation of P.C. § 148(A)(1) ("Count II"); and threatening to commit a crime which will result in death or great bodily injury to another person in violation of P.C. §§ 664/422(A) ("Count III").  (Appl. at 9) (continuous pagination).  While Counts II and III were dismissed, Plaintiff pled nolo contendere to Count I and was sentenced to four days in county jail.  (Supp. Decl. at 8-9).  It does not appear that Plaintiff's conviction on Count I has been reversed or vacated.

Plaintiff's claim against Jane Doe for making purportedly false accusations that resulted in her false arrest appears to be barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a section 1983 complaint for money damages must be dismissed if judgment in favor of the plaintiff would undermine the validity of her conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Plaintiff's conviction on Count I demonstrates that there was a legitimate ground for her arrest.  Any claim based on the contention that Jane Doe caused Plaintiff to be falsely arrested would undermine the validity of Plaintiff's conviction.  Therefore, unless Plaintiff can allege facts showing that her conviction has been set aside or reversed, this action would appear to be barred by *Heck*.  *See Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (claim alleging conspiracy to cause false charges to be filed against plaintiff barred by *Heck*); *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) ("[A] court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an 'obvious bar to securing relief on the face of the complaint.'") (quoting *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-7970 JAK (PVC)                           Date:  April 6, 2020
Title        Belinda C. Muhammad v. Los Angeles Cnty. Metro. Trans. Auth., et al.

      Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within fourteen (14) days of the date of this Order, why this action should not be dismissed because her claim is barred by the doctrine announced in *Heck*.  Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, explaining why this action is not barred.

      Instead of filing a response to the instant Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Plaintiff is advised that any dismissed claims may later be subject to the applicable statute of limitations.  **Plaintiff is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

      The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at her current address of record.

      IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |