


Belinda C. Muhammad
6125 S. Figueroa Street
Apartment No. 9
Los Angeles, California
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

BELINDA C. MUHAMMAD,

Plaintiff,

JANE DOE,

Defendant.

CASE NO.: CV19-7970-JAK (PVC)
SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
DEMAND FOR JURY TRIAL

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Belinda Muhammad (hereinafter "Plaintiff"), in pro per, and for her Second Amended Complaint pursuant to Rule 15(B) of the Federal Rules of Civil Procedure against the Defendant hereby states and alleges as follows:

1. This is action for compensatory damages relief pursuant to 42 U.S.C § 1983 based upon Defendant's violations of the Plaintiff's rights under the First Amendment and Fourteenth Amendments of the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action arises under the United States Constitution, particularly the First and Fourteenth Amendments; and under federal law, particularly 42 U.S.C §§ 1983 and 1988.

3. This Court has original jurisdiction over Plaintiff's federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

4. This Court is authorized to award the requested damages under 28 U.S.C. § 1343(3).

5. This Court is authorized to award attorneys' fees under 42 U.S.C. § 1988.

6. Venue is proper under 28 U.S.C. § 1391 in the Southern District of California because this claim arose there and because, upon information and belief, all Defendants reside within the State of California.

**PARTIES**

7. Plaintiff, Belinda C. Muhammad, is and at all times mentioned herein was an individual who resides in the County, and the City of Los Angeles, of the State of California.

8. Defendant Jane Doe is now and at all times hereinafter mentioned was employed as a Bus Driver for the Los Angeles County Metropolitan Transit Authority (LACMTA). Plaintiff has attempted to determine the true identity of this Jane Doe Defendant through several reasonable inquiries to the LACMTA and the Los Angeles County Police Department, but both of said entities have refused to identify said Defendant Jane Doe. Plaintiff intends to move the Court for permission to conduct third party discovery regarding Jane Doe's true identity. Upon identification of Defendant Jane Doe, Plaintiff will amend this Amended Complaint, naming Defendant Jane Doe by her true identity.

This lawsuit is brought against Defendant Jane Doe in both her individual and official capacities.

## FACTUAL ALLEGATIONS

9. On September 15, 2017, Plaintiff boarded the south bound LACMTA #40 bus on Alameda Street across from the Union Station in Los Angeles California, which was being driven by Defendant Jane Doe.

10. Plaintiff possessed a fairly large book bag containing her books and other personal effects.

11. Plaintiff possessed brass knuckles in the bottom of her book bag.

12. Plaintiff knew she possessed the metal knuckles in her bag.

13. Plaintiff submitted her fare and took a seat at the front of said bus with her book bag in her lap and the brass knuckles in the bottom of her book bag.

14. Shortly after taking her seat, Plaintiff witnessed Defendant Jane Doe drive said bus pass the LACMTA bus stop on First Street near Judge John Asio Street without stopping for several people at said LACMTA bus who were standing there waving their arms and hollering for the bus to stop.

15. Immediately thereafter, Plaintiff, sitting still in her seat with her hands folded across her lap, peaceably informed Defendant Jane Doe that she had passed a LACMTA bus stop where the people standing there were waving their arms and hollering for the

bus to stop. Upon hearing such information from Plaintiff, Defendant Jane Doe was deeply angered and loudly told the Plaintiff that she needed to mind her dam business.

16. Plaintiff, yet sitting still in her seat with her hands folded across her lap, peaceably disagreed by peaceably stating in response to Defendant Jane Doe she was of the belief that it was her business to inform Defendant Jane Doe that she had passed a LACMTA bus stop where the people standing there were waving their arms and hollering for the bus to stop.

17. Defendant Jane Doe responded to the Plaintiff that "I see that you need to learn your lesson."

18. Defendant Jane Doe stopped the bus on Spring Street, between Fifth and Sixth Streets, and shut off its engine and got out of her seat and walked past the Plaintiff and told the passengers seated near the rear of bus that they had to unload and catch the next bus. Defendant Jane Doe and all of said passengers except one exited the bus.

19. Within 30 seconds after Defendant Jane Doe all of said passengers except one exiting the bus, Plaintiff was looking down the barrel of guns aimed at her by two Los Angeles police officers. Although unknown to the Plaintiff at the time, Said Los Angeles police officers had their guns trained on Plaintiff because Defendant Jane Doe had falsely reported to the Los Angeles Police Department that the Plaintiff had threatened her with a knife. Plaintiff had made absolutely no threat to the Defendant whatsoever, much less with a knife.

20. Said Los Angeles police officers seized the Plaintiff, handcuffed Plaintiff, and transported Plaintiff to an unknown hospital where she remained approximately two hours.

21. At the hospital, officers searched the Plaintiff's book bag and found the brass knuckles.

22. Plaintiff was transported to the Metropolitan Detention Center and book upon the charges of threatening to commit a crime which will result in death or great bodily injury to another person in violation of P.C. 664-442, Resisting Arrest in violation of P.C. $ 148(A)(1), and possession of brass knuckles in violation of California Penal Code § 21810

23. Plaintiff's bond was set at $20,000.00.

24. On September 18, 2017, Plaintiff was released from custody on bond.

25. On October 12, 2017, Plaintiff pled guilty to Possession of Brass Knuckles with a four day sentence. Plaintiff makes no claim that Jane Doe caused Plaintiff to be falsely arrested for possession of brass knuckles.

26. On October 12, 2017, the Resisting Arrest charges were dismissed.

27. On October 12, 2017, the intentional and maliciously false charge of threatening to commit a crime which will result in death or great bodily injury to another person in violation of P.C. 664-442 that was reported by Defendant Jane Doe was dismissed. Plaintiff specifically claims that Jane Doe caused the Plaintiff to be falsely

arrested and charged with threatening to commit a crime which will result in death or great bodily injury to another person in violation of P.C. 664-442.

28. Defendant Jane Doe intentional and maliciously false report to the Los Angeles Police Department that the Plaintiff had threatened her with a knife was designed to mislead responding Los Angeles Police officers either into killing or seriously injuring Plaintiff believing that Plaintiff was then and there armed with a knife and dangerous, or seizing the Plaintiff and handcuffing Plaintiff, and transporting Plaintiff to jail to face criminal charges based upon her intentional and maliciously false retaliatory criminal report to the Los Angeles Police Department that the Plaintiff threatened her with a knife.

29. Based on Defendant Jane Doe intentional and maliciously false retaliatory criminal report to the Los Angeles Police Department that the Plaintiff threatened her with a knife, Plaintiff was charged with allegedly violating Penal Code Section 148.

30. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs I through 16 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

31. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First and Fourteenth Amendments of the United States Constitution.

32. As a passenger on a LACMTA bus, Plaintiff has a First Amendment right to peaceably inform a LACMTA bus driver including Jane Doe that she had passed a LACMTA bus stop where the people standing there were waving their arms and hollering for the bus to stop. Additionally, as a passenger on a LACMTA bus, Plaintiff has a First Amendment right to peaceably disagree with Defendant Jane Doe.

33. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendant Jane Doe intentionally and maliciously deprived Plaintiff of rights secured to her by the First and Fourteenth Amendments to the United States Constitution in that Defendant intentionally, maliciously, and knowingly presented a false report to the Los Angeles Police Department that the Plaintiff had threatened her with a knife. Said report was designed to mislead responding Los Angeles Police officers to either believe that Plaintiff was then and there armed with a knife and dangerous and kill the Plaintiff, or seize the Plaintiff and handcuff Plaintiff, and transport Plaintiff to jail to face criminal charges based upon her intentional and maliciously false retaliatory criminal report to the Los Angeles Police Department that the Plaintiff threatened her with a knife.

34. Defendant Jane Doe's intent was to deprive Plaintiff of her First Amendment rights by misleading responding Los Angeles Police officers to either believe that Plaintiff was then and there armed with a knife and dangerous and kill the Plaintiff, or seize the Plaintiff and handcuff Plaintiff, and transport Plaintiff to jail to face criminal

charges based upon her intentional and maliciously false retaliatory criminal report to the Los Angeles Police Department that the Plaintiff threatened her with a knife.

35. As a proximate result of the aforesaid acts and omissions of Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

36. The aforementioned acts and omissions of Defendant was committed knowingly, willfully and maliciously with intent to fraudulently convict Plaintiff on false charges manufactured and designed to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendant Jane Doe in an amount as proved.

**WHEREFORE**, the Plaintiff requests that this Court:

(a) Assume jurisdiction over this action;

(b) Award Plaintiff compensatory and punitive damages against Defendants in the amount of $1, 000, 000, 00;

(c) Grant Plaintiff costs and reasonable attorney fees pursuant to 42 U.S.C.A. § 1988; and

(d) Grant such other and further relief as this court deems just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

Dated: 16 April 2020

Respectfully submitted,

Belinda C. Muhammad
6125 S. Figueroa Street
Apartment No. 9
Los Angeles, California 90003


Belinda A. Muhammad
6125 S. Figueroa St., Apt 9
Los Angeles, CA 90003
GAYE
GAYE
GAYE
UNITED STATES POSTAL SERVICE
1024
90012
U.S. POSTAGE PAID
FCM LG ENV
LOS ANGELES, CA
90001
APR 16, 20
AMOUNT
$6.00
R2304H107800-22
Kiry K. Gray, Clerk of the Co
U.S.D.C., Central District of Ca
255 East Temple Street
Suite TS-134
Los Angeles, CA 90012
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®