UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELINDA C. MUHAMMAD,<br><br>  Plaintiff,<br><br>  v.<br><br>BRETANNIYIA JENKINS,<br><br>  Defendant. | Case No. CV 19-7970 JAK (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Fourth Amended Complaint, Defendant's Motion for Summary Judgment, Plaintiff's Motion for Summary Adjudication, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Plaintiff's Objections.  After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In her Objections, Plaintiff maintains that proper application of the sham affidavit rule requires that her Motion for Summary Adjudication be granted on the issue of Defendant's liability.  However, as noted in the Report and Recommendation, not all of the statements challenged by Plaintiff can properly be construed to even fall within the

potential ambit of the sham affidavit rule.  Furthermore, the Ninth Circuit admonishes that the sham affidavit rule, which is discretionary, be applied with caution, lest it function as a *de facto* credibility finding.  *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  The Court finds that in the unique circumstances of this case, where each side is using her respective version of the facts both as a sword to obtain summary judgment/adjudication and as a shield to create a triable issue of fact to defeat the other side's motion, strict application of the sham affidavit rule would function as a credibility finding, which is an improper ground for granting summary judgment.  *Id*.  Accordingly, the Court exercises its discretion not to strike Defendant's declarations, and Plaintiff's Objections are OVERRULED.

      IT IS ORDERED that Defendant's Motion for Summary Judgment is DENIED.

      IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Adjudication is GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED to the extent that it seeks an order striking Defendant's Affirmative Defenses Nos. 1 (failure to state a claim), 10 (immunity under state law), 11 (same), 12 (same), 13 (same) and 19 (failure to state a claim), which are hereby STRICKEN.  The Motion is DENIED to the extent that it seeks dismissal of Defendant's remaining Affirmative Defenses, without prejudice to filing a motion to strike under Federal Rule of Civil Procedure 12(f) upon a proper showing of prejudice.  The Motion is also DENIED to the extent that it seeks summary adjudication of Defendant's purported liability.

      IT IS FURTHER ORDERED that this action shall proceed on Plaintiff's First Amendment claim as alleged in the Fourth Amended Complaint.

The Clerk of the Court is directed to serve copies of this Order on Plaintiff at her current address of record and on counsel for Defendant.

IT IS SO ORDERED.

DATED: February 7, 2022

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE